39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
O.A., a minor child who sues Through his mother and next
friend; Evelyn McGREEVY, Plaintiffs-Appellants
v.
Larry ABBOTT; Phillip Robinson; Defendants-Appellees.
 No. 93-35769.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Nov. 1, 1994.
 
 Before: WOOD*, HUG and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 O.A., a minor suing through his mother, Evelyn McGreevy, appeals the district court's grant of summary judgment in favor of Philip Robinson. In this Sec. 1983 action, O.A. claims Robinson, a county prosecutor, deprived O.A. of several constitutional rights by failing to file a child protection action on O.A.'s behalf and by interfering with investigations into allegations that O.A.'s father, Larry Abbott, abused O.A. The district court granted summary judgment on three grounds: (1) Robinson was immune from suit for a portion of his actions, (2) several of the claimed rights did not exist, and (3) the evidence did not show that the remaining rights had been violated. We affirm.
 
 
 3
 As a county prosecutor, Robinson is entitled to absolute immunity from liability for his decision not to initiate child protection proceedings because that decision is " 'intimately associated with the judicial phase of the criminal process.' " Buckley v. Fitzsimmons, --- U.S. ----, 113 S.Ct. 2606, 2614 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 995 (1976)). Immunity applies to the decision not to prosecute because " 'the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution.' " Id. at 2615 (citing Imbler, 424 U.S. at 431, n. 33, 96 S.Ct. at 995, n. 33). Among these preliminary actions is the decision of "whether and when to prosecute. " Imbler, 424 U.S. at 431, n. 33, 96 S.Ct. at 995, n. 33 (emphasis added). See also Meade v. Grubbs, 841 F.2d 1512, 1532 (10th Cir.1988).[1]
 
 
 4
 Robinson concedes he is not absolutely immune from liability for using his role as prosecutor to issue a subpoena to obtain information for the custody litigation. We do not address additional arguments regarding immunity for alleged interference with investigations into the allegations of abuse. As discussed below, Robinson is entitled to summary judgment even if he is not immune from liability for these acts because O.A. has not submitted evidence to support his claims that Robinson interfered.
 
 
 5
 To assert a claim under 42 U.S.C. Sec. 1983,[2] O.A. must show that Robinson deprived O.A. of a constitutional right while Robinson was acting under color of state law. See Dang Vang v. Vang Xiong X. Toyed, 944 F.2d 476, 479 (9th Cir.1991). Robinson acts under color of state law when he " 'exercise[s] power possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law.' " Id. (quoting West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255 (1988)) (further quotation omitted). " '[I]t is firmly established that a defendant in a Sec. 1983 suit acts under color of state law when he abuses the position given to him by the state. Thus, generally a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.' " Id. (quoting West, 487 U.S. at 49-50, 108 S.Ct. at 2255-56) (emphasis in original).
 
 
 6
 The coexistence of Robinson's private and prosecutorial practices is not enough, in and of itself, to show that Robinson acted under color of state law. O.A. has not demonstrated that Robinson, while engaged in private practice, acts in his official capacity as prosecutor or abuses power he possesses as a prosecutor merely because he operates the two practices from one office.
 
 
 7
 O.A. claims that "Robinson was a public employee acting in his role as county prosecutor to block the investigation of abuse charges against his client, Abbott," and that "Robinson used his public powers to aggressively campaign for O.A. to be placed in the custody of a child molester." O.A.'s brief at 15-16. However, O.A. has not submitted evidence to support these allegations.
 
 
 8
 Toni Jones, a therapist, evaluated O.A. for indications of physical or sexual abuse. A magistrate judge required McGreevy and Abbott to obtain this evaluation before the final hearing on the petition to modify the divorce decree. Jones initiated contact with Robinson and with McGreevy's attorney. The record does not indicate that Robinson obtained the information he provided Jones through his role as prosecutor or that he used his position as prosecutor to provide the information. Further, Jones states that the information Robinson provided did not prejudice her investigation. Robinson provided Jones negative information about both McGreevy and Abbott, including the fact that Abbott had slapped O.A.'s penis.
 
 
 9
 Two government officials also investigated allegations that Abbott had abused O.A. Alan Koski, an Idaho Department of Health and Welfare ("DHW") employee, investigated the matter after complaints were filed with Koski's office. Koski did not communicate with Robinson about the investigation. Koski conducted a limited investigation, but not because Robinson interfered. Rather, Koski believed the investigation should occur in the state of Washington, O.A.'s state of residence, where O.A. would not be with his father and would likely be more forthcoming about any abuse he had suffered. Koski also explained that his office could obtain assistance from the Idaho attorney general's office if DHW wanted to file a petition to initiate child protection proceedings in any case in which the local prosecutor's representation of a private client created a conflict of interest.[3]
 
 
 10
 Harvey Thompson, a detective with the Bonner County sheriff's department, also investigated the allegations of abuse. Thompson spoke with Robinson at the start of his investigation. However, Robinson did not tell Thompson how to conduct the investigation and did not suggest that Thompson proceed in any manner other than that normally followed.
 
 
 11
 O.A. emphasizes that on December 23, 1987, Idaho DHW employee Julie Stevens told a Clark County, Washington, social worker to conduct the investigation in Washington, " 'as prosecuting attorney is dad's attorney.' " O.A's brief at 21 (quoting a child abuse referral form filled out by Stevens). However, O.A. does not indicate that Idaho conducted no further investigation. Thompson's investigation occurred after Stevens wrote this memo.
 
 
 12
 The only action Robinson took under color of state law was the issuance of the phony subpoena. Robinson issued the subpoena to determine O.A.'s whereabouts prior to the custody proceedings. Robinson used his role as prosecutor to attempt to gain compliance with the subpoena, as shown by the return address of "Philip H. Robinson, Prosecuting Attorney." A recipient would think the subpoena was issued by a prosecutor, not by an attorney engaged in private practice.
 
 
 13
 In addition to showing action under color of state law, O.A. also must show that Robinson's actions deprived O.A. of a constitutional right. Dang Vang, 944 F.2d at 479. The only action Robinson took under color of state law was issuance of the phony subpoena. However, O.A. does not claim that this particular action deprived O.A. of a constitutional right. The Oregon school district did not even comply with the subpoena.
 
 
 14
 On a motion for summary judgment, O.A., the nonmoving party, must go beyond the pleadings and " 'set forth specific facts showing that there is a genuine issue for trial.' " F.D.I.C. v. New Hampshire Ins. Co., 953 F.2d 478, 485 (9th Cir.1992) (citing Fed.R.Civ.P. 56(e)). O.A. bears the burden of proof that Robinson acted under color of state law and thereby deprived O.A. of a constitutional right. The phony subpoena did not deprive O.A. of a constitutional right. O.A. has failed to produce any other evidence showing action under color of state law or deprivation of a constitutional right. Because O.A. has failed to make a showing on essential elements of the case with respect to which he has the burden of proof, Robinson, the moving party, is entitled to judgment as a matter of law. See Grimes v. City and County of San Francisco, 951 F.2d 236, 239 (9th Cir.1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552 (1986)).
 
 
 15
 Although O.A. has not made a showing that Robinson has violated O.A.'s federal rights, we do not condone Robinson's alleged actions. To retain public faith in government, public officials should avoid even potential conflicts of interest between their public duties and their private responsibilities.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior Circuit Judge, Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is immaterial that Robinson failed to initiate civil child dependency proceedings rather than criminal prosecution. Social workers are entitled to absolute immunity in initiating and pursuing child dependency proceedings because their role is similar to that of a prosecutor. Meyers v. Contra Costa County Dep't of Social Svcs., 812 F.2d 1154, 1157 (9th Cir.1987), cert. denied, 484 U.S. 829, 108 S.Ct. 98 (1987). It follows that prosecutors are immune as well
 
 
 [2]
 42 U.S.C. Sec. 1983 provides in relevant part:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 
 
 [3]
 To invoke a state court's jurisdiction over a civil hearing to determine whether a child is being abused or neglected in Idaho, a petition "must be signed by the prosecutor or deputy attorney general." Idaho Code Sec. 16-1605(a)(1)